## A. WIMPFHEIMER AND BROTHER, INC. *v.* PUBLIC UTILITIES COMMISSION ET AL.

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 24711

Memorandum filed June 2, 1958

*Francis F. McGuire,* of New London, for the plaintiff.

*John J. Bracken,* attorney general, and *Louis Weinstein,* assistant attorney general, for the named defendant.

*Hirschberg, Pettengill & Strong,* of Greenwich, for the defendant Mystic Valley Water Company.

TROLAND, J. This is an appeal from a finding and order of the public utilities commission dated August 15, 1957.

On March 1, 1957, the Mystic Valley Water Company issued a new schedule of rates, designed to produce for it additional revenue in the estimated amount of $53,298 annually. After a public hearing

thereon, the public utilities commission, by its order dated August 15, 1957, canceled the said new schedule of rates on the ground they were more than just and reasonable, but found that a revised schedule of rates and charges that would yield additional revenue in the amount of $37,312 annually would be just and reasonable.

Thereafter, the Mystic Valley Water Company filed a revised schedule of rates and charges to yield additional revenue of $37,312 as suggested in said order, and on September 4, 1957, the public utilities commission issued its supplementary order approving the revised schedule of rates and charges and placing the same in effect as of September 1, 1957. The plaintiffs have appealed on the ground that the rates so established are more than just, reasonable and adequate, and because they claim the commission refused to take into consideration, in determining just and reasonable rates, the tax free nature, under the federal income tax statutes, of the dividends by means of which the Mystic Valley Water Company pays out substantially all of its annual net profit to the corporation owning all of its capital stock.

The water company has received no rate increase since 1938 and at the time of its proposed increase in rates was realizing 2.29 per cent on its rate base. The increase proposed by the water company would yield a 6.15 per cent of return. The order of the commission now before the court will result in a return on the rate base, as found reasonable by the commission, of 5.24 per cent.

In making its order, the commission said: "Counsel for the opponents would have us reduce the return by reflecting the tax-free nature of certain dividends received by the corporate owner of all of the common stock. This claim, at least in part, was presented to us in Docket No. 9367, dated July 18,

1957, and in answer thereto, in rejecting this theory, we stated that the Commission . . . must follow the statutory standard, which requires the prescribing of rates that are . . . just and reasonable and adequate to enable such company to provide properly for the public convenience, necessity and welfare . . . , and further stated 'the identity of the owner of a security of a public utility company is not a factor for consideration in the application of this statutory standard.' We do not find counsel's argument persuasive and reiterate our opinion as to stock ownership."

The Mystic Valley Water Company is a wholly owned subsidiary of the Northeastern Water Company. It is the dividend policy of the Mystic Valley Water Company to pay on its common stock to the Northeastern Water Company 75 per cent of its annual earnings. The Northeastern Water Company pays an income tax on only 15 per cent of the dividends received, by reason of provisions of § 243 of the Internal Revenue Code of 1954.

The plaintiffs urge in support of their challenge to the order of the commission a statement in the opinion by *Brandeis, J.*, in *Galveston Electric Co.* v. *Galveston,* 258 U.S. 388, 399. This case involved a determination whether a five cent fare would yield a proper return to the utility and particularly whether all taxes which would be payable if a fair return were earned were proper deductions. In its opinion, given in 1921, the court, after holding that all taxes are appropriate deductions, said: "There is no difference in this respect between state and federal taxes or between income taxes and others. But the fact that it is the federal corporate income tax for which deduction is made, must be taken into consideration in determining what rate of return shall be deemed fair. For under § 216 the stockholder does not include in the income on which the normal

federal tax is payable dividends received from the corporation. This tax exemption is therefore, in effect, part of the return on the investment." Because this statement seems to support plaintiffs' claim, it requires a careful examination of the case in which it was made. Examination reveals that the main issue was whether all taxes, and particularly federal income taxes, which would be payable if a fair return were earned, are appropriate deductions in determining a fair and just rate a utility might charge. The reference to the stockholder and his liability or nonliability to pay a further tax was obiter dicta. The Supreme Court of the United States did not then have before it the question presented in this case. The tax law then in force (1921) was also different in important respects from that in effect today, all of which diminishes the force of the dictum quoted.

This court cannot hold that, in ruling as it did with respect to plaintiffs' claim, the commission acted illegally, arbitrarily or in excess or abuse of its powers and discretion. The General Assembly has empowered the public utilities commission to determine just and reasonable rates to be charged by the company. It has not ordained or prescribed a formula or standard by which the just and reasonable rate is to be determined. "No satisfactory definition of reasonable, as applied to rates, applicable to each case, can be made. Each must be decided upon its own facts and upon a consideration of many varying elements." *Turner* v. *Connecticut Co.*, 91 Conn. 692, 698. Every public utility company is entitled to a fair return upon the fair value of the property used in providing its services. *Cedar Island Improvement Assn.* v. *Clinton Electric Light & Power Co.*, 142 Conn. 359, 370. Our Supreme Court of Errors in discussion of the subject matter of a reasonable rate has said: "The rate may be made

high enough to cover the cost of service, the carrying charges, a reasonable sum for depreciation, and a fair return upon the investment." *Turner* v. *Connecticut Co.*, supra, 699.

It is not claimed by the plaintiffs that any testimony has been improperly excluded by the commission or that the facts disclosed by the record are insufficient for the equitable disposition of the appeal. The court has examined the entire record. The commission, on all the evidence, determined that the water company was in need of additional revenue and that additional revenue of $37,312 will be no more nor less than just and reasonable. In so finding and holding, the commission has not acted illegally or arbitrarily. The rates and charges established are not unreasonable. The orders appealed from are proper and are confirmed.

Judgment may enter for the defendants, dismissing the appeal and affirming the action of the commission.